UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Donald Whitten

    v.                                  Civil No. 09-cv-450-SM

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility et al.[1]

**ORDER**

Before the court is Donald Whitten's Complaint (doc. no. 1), alleging that the defendants, all employees of the New Hampshire Department of Corrections ("DOC"), have violated his rights under the Eighth Amendment by denying him adequate medical treatment, including medication for back pain and treatment for chest pain.[2]

---

[1] In addition to Larry Blaisdell, Northern New Hampshire Correctional Facility Warden, Whitten has named the following defendants to this action in their individual and official capacities: William Wrenn, New Hampshire Department of Corrections ("DOC") Commissioner; Robert MacLeod, DOC Medical Director; Dr. Celia Englander, DOC physician; Dr. Eppolito, DOC physician; and Judy Baker, DOC Nurse Practitioner.

[2] In the Complaint, Whitten has specifically requested a preliminary injunction, in addition to damages and other relief. I have construed this request as a motion for a preliminary injunction under Fed. R. Civ. P. 65(a), which requires notice to the adverse party. A hearing on the motion will be scheduled upon notice to defendants in a separate order to be issued by the court.

As Whitten is a prisoner at the Northern New Hampshire Correctional Facility ("NCF"), the matter is before me for preliminary review to determine whether or not the complaint states any claim upon which relief might be granted.  See 28 U.S.C. § 1915A; United States District Court, District of New Hampshire, Local Rule ("LR") 4.3(d)(2).

For reasons set forth in the Report and Recommendation issued this date, I have recommended dismissal of all claims asserted against the defendants in their official capacities.  In addition, any claim intending to allege constitutional violations relating to prison overcrowding or a denial of access to grievance procedures should be dismissed.  The remaining claims, alleging that Englander, Eppolito, and Baker provided inadequate medical care, in violation of the Eighth Amendment, and that MacLeod, Blaisdell, and Wrenn bear supervisory liability under 42 U.S.C. § 1983 for such violations, may proceed against these defendants in their individual capacities.

As I find that Whitten has stated claims upon which relief may be granted against defendants Englander, Eppolito, Baker, MacLeod, Blaisdell, and Wrenn, I order the complaint (document no. 1) to be served on those defendants.  The Clerk's office is

directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation, and the complaint (document no. 1).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

     As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

     Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Whitten is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 22, 2010

cc:   Donald C. Whitten, pro se

JRM:nmd